Thomas Birmingham, Plaintiff, *v.* Daily Mirror, Inc., Defendant.

Supreme Court, Special Term, Kings County, October 2, 1940.

*John J. Rooney,* for the plaintiff.

*McCauley & Henry* [*Charles Henry* of counsel], for the defendant.

Daly, J. The theory of plaintiff's complaint is that the article published by the defendant is libelous on its face and is not dependent upon extrinsic facts; that it accused the plaintiff, as husband of the suicide, and the father of the two children, of having failed in his duty, both legally and morally, to support his family.

I fail to see any such meaning or implication. The first paragraph of the article states: " There wasn't enough money for food in the tenement flat of Mrs. Mary Birmingham at 586 Rogers Ave., Brooklyn. She had two little boys, herself and her husband to take care of — and their only income was from Thomas Birmingham's WPA job." It is clear, from this language, that the plaintiff, the husband of the suicide, was living with his wife and family and was supporting them, and that the source of livelihood for the whole family was the income from his WPA job. To hold otherwise would ignore the words, " She had two little boys, herself *and her husband to take care of.*"

There is nothing in the article which accuses the plaintiff of having caused the tragedy through any act or omission of his own, or reflecting in any way upon him. There is no statement as to his means or that it was not necessary for the plaintiff to hold down a

WPA job. The fact that he did, does not hold him up to scorn, hatred, contempt or ridicule so that his *reputation* is impaired. Because of economic conditions, thousands upon thousands of men have for several years been compelled to hold jobs of that character, and while they may sometimes be subjected to banter, that is not enough to constitute actionable libel.

As said in *Kimmerle* v. *New York Evening Journal, Inc.* (262 N. Y. 99, 102): " The law of defamation is concerned only with injuries to one's reputation. Except to the limited extent provided by statute (Civil Rights Law [Cons. Laws, ch. 6], § 50), there is no right of privacy. (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538.) Written words, the effect of which is to invade privacy and to bring undesired notoriety, are without remedy, unless they also appreciably affect reputation. This is the domain, not of positive law, but of obedience to the unenforceable. (' Law and Manners ' by Lord Moulton, vol. 134 The Atlantic Monthly [July, 1924], 1.) From such harms one is protected only by the code of common decency."

Accordingly, the complaint is dismissed.